Paul LAIRD and Lucy LAIRD *v.* Eldon LACEY

77-382                                    566 S.W. 2d 145

Opinion delivered May 30, 1978
(Division II)

*Dickson & Ball,* for appellants.

*Putman, Davis, Bassett, Cox & Wright,* for appellee.

GEORGE HOWARD, JR., Justice. The central issue involved is whether a vendor has a reasonable length of time in which to satisfy existing liens on real property involved in the sale to his vendee under an installment contract which provides that all encumbrances are to be satisfied "at the time of final payment" or is strict compliance with the

satisfaction agreement required upon full performance by the vendee.

The essential facts for resolution of this issue are: Appellee, as seller, and appellants, as purchasers, entered into a written contract for the sale and purchase of 42.36 acres of land in Washington County, Arkansas, for a total consideration of $5,500.00. The sum of $1,000.00 was to be paid by appellants as the initial payment upon the execution of the contract and the balance remaining in the sum of $4,500.00 was to be paid out in monthly installments of $100.00 each, including interest at the rate of 8% per annum.

It was clearly understood by all parties to the agreement that there existed a first mortgage on the property in question in favor of First National Bank of Fayetteville securing an indebtedness of $5,350.00 and a second mortgage in favor of Farmers Home Administration securing the sum of $6,400.00. The seller agreed that, upon payment of the purchase price, he would furnish a release deed showing satisfaction of the two mortgages. It was further agreed that in the event the seller was unable to obtain the release deeds at the time the purchase price was paid in full, the seller would be obligated to convey to purchasers one acre of land out of other property owned by the seller, but not involved in the contract between the parties, for each $130.00 of unsatisfied indebtedness on the real property that appellants were purchasing.

On November 13, 1975, appellants prepaid the balance of the purchase price and demanded a conveyance of the property that they had contracted to purchase. There were outstandng liens still existing against the property when the final payment was made. Appellee contends that he was not notified that appellants had made the final payment until November 15, 1975, and that on November 20, 1975, appellee acquired a satisfaction of the mortgage indebtednesses as required under the contract. Appellants dispute this contending that appellee was put on notice that the final payment would be made on November 13, 1975. However, appellants concede that appellee satisfied the mortgage indebtednesses within a period of seven days after the final payment was made by appellants.

The trial court rendered a judgment in behalf of appellee pursuant to appellee's motion for summary judgment. As a consequence, appellants have brought this appeal contending that the trial court erred in holding that there were no genuine issues of material fact involved and that the defendant was entitled to a judgment in his favor as a matter of law.

Inasmuch as the trial court's reasoning, in its letter opinion to counsel dated August 5, 1977, is most persuasive, we adopt the trial court's opinion and, accordingly, set the opinion out below:

"On defendant's motion for summary judgment: Defendant seeks judgment of dismissal of complaint on the ultimate theory that his procuring release of mortgage encumbrances, on land sold by defendant to plaintiff, within 7 days after plaintiffs paid the full purchase price was a 'reasonable time' afforded defendant, over against the language of the purchase contract, which obliged defendant to procure releases 'at the time the purchase price . . . is paid in full . . .'

"Plaintiffs argue contra, and ask that defendant be required to execute the penalty prescribed by contract, by conveying to plaintiffs 1 acre of land for each $130.00 of lien charge against the purchased property at time of full payment of purchase price.

"Thus, the general issue of fact is whether defendant had a 'reasonable time' to clear the mortgages or must be held to the strict time schedule of 'at the time' of payment of purchase price.

"The specific issue of fact stems from plaintiffs' answer to requests for admissions of fact by defendant, where plaintiffs deny that defendant did not know plaintiffs were going to pre-pay, he could and should have been ready to procure release of mortgage liens 'at the time the purchase price is paid in full'; and that, not having done so, defendant is in breach, and should be obliged to convey additional property to plaintiffs.

"In the first place, the matter of whether defendant had a 'reasonable time' to obtain release of liens is much more a question of law than of fact. It is true, as plaintiffs suggested, that the meaning of contracts frequently turns upon the intent of the parties. It is equally true, and more fundamental that, in the absence of time-essence terms of a contract, the law presumes a reasonable time for both contracting parties to effect their duties, even where a specific time for such is stated.

"Secondly, even if defendant did know that plaintiffs were going to pre-pay on November 13, there would have been, of necessity, some period of time required for and available to defendant to obtain releases. This time might have been shortly before, at the instant of, or shortly after the actual pre-payment. In point of fact, the releases were procured 7 days after payment and, according to defendant, 5 days after he learned that pre-payment had been paid.

"Hence, under the construction of the time-frame aspects of the contract most unfavorable to defendant, he met his duties after a lapse of only 7 days from the literal time (instant of pre-payment) that he was obliged to do.

"In my judgment, the application of any pertinent equitable principles, plaintiffs have received everything they bargained for, and have suffered no harm. On any balancing of the equities, the scales clearly tip in defendant's favor.

"In my judgment, no genuine issue of material fact is presented by the pleadings and other filed material. Motion for summary judgment should be granted, and complaint dismissed at cost of plaintiffs. . . ."

Affirmed.

We agree: HARRIS, C.J., and BYRD and HICKMAN, JJ.